# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| PIONEER CONSTRUCTION, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. MC413-005 |
| SAVAGE H. LYNAH, JR. ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pioneer Construction, Inc. opened this miscellaneous case for the purpose of collecting on its judgment against Savage H. Lynah, Jr. Because Lynah has ignored Pioneer's post-judgment discovery, Pioneer moves to compel him to answer it and pay its reasonable expenses under Fed. R. Civ. P. 37(a). Doc. 5 at 1. "The right to conduct discovery applies both before and after judgment. See *United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967)." *Credit Lyonnais, S.A. v. SGC Intern., Inc.*, 160 F.3d 428, 430 (8th Cir. 1998). A judgment creditor may conduct full post-judgment discovery to aid in executing on its judgment. *Id.*; Fed. R. Civ. P. 69. "And a party may file, and a court may grant, a motion

to compel discovery sought under Rule 69." *Cooper v. Dallas Police Ass'n*, 2013 WL 1787564 at * 3 (N.D.Tex. Apr. 5, 2013).

Pioneer's motion to compel is unopposed pursuant to Local Rule 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). The motion is otherwise legally supported and therefore **GRANTED**. Doc. 5. Lynagh shall respond to Pioneer's discovery within 14 days of the date this Order is served. Pioneer is awarded $250 in expenses.

**SO ORDERED**, this 3rd day of June, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA